### MABRY v. BEAUMONT, U. S. Marshal.

(Circuit Court of Appeals, Ninth Circuit. May 28, 1923.)

No. 3866.

Habeas corpus ⊚⇒28—Invalidity of judgment in part held not to entitle prisoner to discharge.

Though that part of a judgment imposing imprisonment for nonpayment of costs may be void, it does not entitle defendant to discharge on habeas corpus until the legal part of the judgment has been satisfied.

Appeal from the District Court of the United States for the District of Alaska, Division No. 1; Thomas M. Reed, Judge.

Habeas corpus by Harry Mabry against George D. Beaumont, United States Marshal. From an order discharging the writ, petitioner appeals. Affirmed.

Wickersham & Kehoe, of Juneau, Alaska, for appellant.

A. G. Shoup, U. S. Atty., of Ketchikan, Alaska, and H. D. Stabler, Sp. Asst. U. S. Atty., of Juneau, Alaska, for appellee.

Before GILBERT and RUDKIN, Circuit Judges, and WOLVERTON, District Judge.

RUDKIN, Circuit Judge. This is an appeal from an order discharging a writ of habeas corpus and remanding the prisoner to the custody of the United States marshal. It appears from the record that the petitioner was convicted before a United States commissioner and ex officio justice of the peace for a violation of the Alaska Bone Dry Law. An appeal was taken to the district court of the territory, where the appeal was dismissed and the judgment affirmed for failure to file an undertaking as required by the local law. Thereupon a petition for writ of habeas corpus was presented to the court below, assigning 12 reasons why the detention was unlawful.

Speaking generally, the objections went to the sufficiency of the complaint upon which the conviction was had, the sufficiency of the

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

warrant of arrest, the form and sufficiency of the verdict of the jury, and the form and sufficiency of the judgment of the court. To set forth these several objections in detail would unduly incumber the record and serve no useful purpose. Suffice it to say many of the objections thus urged are so devoid of merit that they would not be considered by the court on writ of error, and taken as a whole they utterly fail to show the invalidity of the judgment or process under which the petitioner is detained. Beyond this we are not permitted to inquire. Imprisonment for costs may not be lawful; but, if that part of the judgment is void, it does not entitle the petitioner to a discharge until the legal part of the judgment has been satisfied.

The order is affirmed.